BROCK v. NELSON.

1. Where, in action for partition, a defendant is made a party, not because he is a co-tenant, but because he claims some interest in the property, and by his answer he denies the plaintiff's claim and sets up an independent title in himself, the question of disputed title must be adjudicated before a decree for partition can be made.

4

2.  In the absence of the grounds upon which a Circuit Judge based an
    order, and of exceptions indicating specific errors in the order, it will
    be sustained, if a proper order upon any grounds.

3.  Where defendant, in action for partition of an intestate's land, denied
    the rights of plaintiffs therein, plaintiffs were bound to prove that they
    were heirs and that the land sought to be partitioned was a part of the
    intestate's estate, and failing to identify as such the land described in
    their complaint, a non-suit and dismissal of the complaint were proper.

Before Norton, J., Anderson, March, 1888.

The opinion states the case.

*Mr. J. C. C. Featherston,* for appellant.

*Mr. J. L. Tribble,* contra.

June 26, 1888.　The opinion of the court was delivered by

Mr. Justice McIver.　The plaintiffs, as a part of the heirs
at law of H. N. Brock, deceased, commenced this action on the
24th of January, 1887, against the other heirs at law and Sulli-
van & Brother, for the partition of a certain tract of land, of
which they allege the said H. N. Brock died seized and possessed,
and in which it is alleged that the defendants, Sullivan & Brother,
claim some interest by purchase or otherwise. None of the defen-
dants answered except Sullivan & Brother, and certain of the
defendants who were minors and put in a formal answer.　In the
third paragraph of the complaint it is alleged: "That the said
H. N. Brock died seized and possessed of one tract of land in
Anderson District (now County), in what is known as Honea
Path township, containing seventy-two acres, more or less, bound-
ed by land of Ezekiel Harris, Mrs. Ragsdale, James Williams,
and others, known as the Brock place; in which said place or
tract of land the plaintiffs and defendants are tenants in common,
being seized in fee by descent."　But in the very next para-
graph it is alleged that the defendants, Sullivan & Brother,
"claim some interest in said tract of land by purchase or other-
wise;" and in their demand for judgment, the plaintiffs ask that
the said tract of land be partitioned amongst the heirs at law of
H. N. Brock, so as to set off to his widow one-third part thereof,

and to each of his children two fifteenths thereof, wholly ignoring the idea that Sullivan & Brother were tenants in common with them.

Sullivan & Brother. by their answer set up nominally four defences, but in reality only three : 1st. A general denial of the allegations of the complaint. 2nd. That they are purchasers for valuable consideration without notice of the tract of land sought to be partitioned, under proceedings to foreclose a mortgage on said tract, executed by one W. T. Brock, who they claim acquired title to the same by adverse possession under the statute of limitations. 3rd. That the said tract of land, if it was ever the property of the late H. N. Brock, has already been sold under proceedings for the partition of his real estate, instituted in the Probate Court for Anderson County as far back as the year 1872.

The testimony in behalf of plaintiffs was taken by the master and reported to the Circuit Court, when his honor, Judge Norton, granted the following order : "On hearing the pleadings in this case and testimony of plaintiffs,. and before introduction of testimony by defendants, Sullivan & Brother having waived the trial of title by jury, after argument of counsel, on motion of Brown & Tribble, defendants' attorneys, it is ordered that the motion for non-suit herein be sustained, and the complaint be dismissed with costs."

The plaintiffs appeal upon five grounds, but as there is nothing in the "Case," as prepared for argument here, to show that the Circuit Judge made any of the rulings or findings attributed to him in the second, third, and fourth grounds of appeal, those grounds need not be stated. The first and fifth grounds are as follows : "1st. Because his honor erred, both as matter of law and fact, in regarding this as an action of trespass to try title, and in granting the non-suit, when plaintiffs' testimony developed a tenancy in common, there being no proof of ouster or adverse holding as against them." "5th. Because his honor erred in granting non-suit and dismissing complaint as a matter of law and as a matter of fact, there being no testimony whatever to sustain or justify his order." So that practically two questions are presented for our consideration : 1st. Whether the Circuit Judge could properly consider the case as presented, as an issue to try

the title to the land in question, in which issue the plaintiffs were the actors. 2nd. Whether, if so, there was any error in granting the non-suit.

The purpose of the action being to obtain partition of the land in question, and the title of the plaintiffs having been denied by the defendants, Sullivan & Brother, and an independent title in themselves having been set up, it would seem clear that the first step necessary to be taken was to determine this question of disputed title, and this is precisely the course adopted, and as we think properly, by the Circuit Judge. He certainly could not have proceeded to decree partition until he had first determined the question of right; for if, as the event proved, the plaintiffs failed to establish their right to partition, because of an outstanding superior title set up by the defendants, Sullivan & Brother, it would have been error to have proceeded to decree partition ; for the practical effect of that would have been to partition one man's land amongst others who had failed to show any right to or interest therein. The plaintiffs, in this ground, seem to assume that the testimony on their behalf showed that Sullivan & Brother and the plaintiffs were tenants in common of the land sought to be partitioned, but a careful examination of the testimony fails to disclose any evidence whatever to that effect. We have been unable to discover any testimony which even tends to show a tenancy in common. It is not pretended that either of the members of the firm of Sullivan & Brother were heirs at law of the intestate, H. N. Brock, or had any connection whatever with his estate or any of his heirs. Nor is there any testimony tending to show that they claimed as purchasers from or under any of such heirs.

Even if the allegations or admissions made in their second defence could be resorted to as evidence to establish the issues presented by their first defence (which, under the case of *Stanley* v. *Shoolbred*, 25 S. C., 181, could not be permitted), yet there is nothing there to show that they were tenants in common with the plaintiffs ; for the W. T. Brock, under whom they there claim, does not appear to have been one of the heirs at law of H. N. Brock. Indeed, the very frame of the complaint seems to negative the idea that the defendants, Sullivan & Brother, were

or claimed to be tenants in common with the plaintiffs of the land sought to be partitioned; for although it is alleged in the third paragraph of the complaint, in general terms, that "the plaintiffs and defendants are tenants in common, being seized in fee *by descent,*" yet in the very next paragraph the allegation is, that Sullivan & Brother "claim some interest in said tract of land *by purchase* or otherwise," which would seem to indicate that the word "defendants," as used in the third paragraph, was not designed to embrace Sullivan & Brother, but only those of the defendants who were in fact co-heirs with the plaintiffs. Otherwise there would be a manifest inconsistency in the allegations contained in the two paragraphs. It seems to us, therefore, that there was not the slightest evidence of any co-tenancy between plaintiffs and the defendants, Sullivan & Brother, and hence no room for the question as to whether there was any ouster.

The next inquiry, whether there was any error in granting the non-suit, one aspect of which has already been considered under the first ground, presents itself in the most general form. No reasons are given by the Circuit Judge for granting the motion, and no specific errors are pointed out in the exceptions, in such a way as it would be proper for us, under the rules and practice of this court, to consider them. As we have already indicated, in the absence of anything in the "Case" to show that the Circuit Judge made any particular ruling, or placed his decision upon a particular ground, we are not at liberty, in justice to the Circuit Judge, to assume that he made such rulings or based his decision upon such grounds as may be imputed to him in the exceptions. We are left, therefore, in this case to consider the general question, whether there was any error in the judgment appealed from, and if it can be sustained upon any ground, it is our duty to do so, assuming, in the absence of any evidence to the contrary, that the Circuit Judge placed his decision upon proper grounds.

This being an action for partition, in which the defendants, Sullivan & Brother, raise the issue of title, such issue, as we have hereinbefore determined, must first be tried. To maintain such issue on their part, the plaintiffs were bound to establish two facts: 1st. That they were heirs at law of H. N. Brock. 2nd.

That the particular tract of land described in the complaint was a part of his estate. The first of these facts was, we think, sufficiently established by the testimony of the plaintiffs; but the second was not, and hence there was no error in dismissing the complaint. We have examined the testimony carefully, and we are unable to find any evidence, certainly no satisfactory evidence, that the tract of land described in the complaint ever constituted any part of the estate of H. N. Brock. There seems to be a singular want of clearness and definiteness in the testimony as to what land the intestate, H. N. Brock, died seized and possessed of. At all events, no witness identifies the tract of land described in the complaint, and of which partition is sought, with any land ever owned by him. This may be accounted for by the fact that he died many years since, and that his family moved away to another county a few years after his death, and his land in some way went into the possession of other parties. But whatever may be the reason for the imperfections in plaintiffs' testimony, the fact remains that they have failed to identify the land described in the complaint, and now claimed by the defendants, Sullivan & Brother, with the land of which the intestate, H. N. Brock, died seized and possessed. We cannot say, therefore, that there was any error on the part of the Circuit Judge in dismissing the complaint.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.