GILREATH v. FURMAN.

1. PLEADINGS.—A DENIAL that plaintiff has no "knowledge, and information sufficient to form a belief," is a compliance with sec. 170, Code.

2. PRACTICE—JURY AND JURY TRIALS.—No evidence of title in testator except the bare inference thereof by devise, or of possession in him, will not send case to jury on issue of title by devisee.

3. IBID.—No error to refuse to let counsel argue to the jury facts capable of but one inference.

4. PLEADINGS—ISSUES.—ADMISSIONS in one defense cannot be invoked in aid of issues raised in another.

5. PRACTICE—NONSUIT—PARTITION.—In action for partition, title being

put in issue by defendant, it is proper to refuse nonsuit and direct verdict.

6. IBID.—DISCRETION.—It is not an abuse of discretion to refuse further evidence after deciding issues, where counsel did not omit the needed evidence through inadvertence.

Before GAGE, J., Greenville, September, 1899.   Affirmed.

Action by Martha L. Gilreath against Mary G. D. Furman.   Plaintiff appeals.

*Mr. Julius H. Heyward,* for appellant, cites: *No valid denial of title in plaintiff:* Code, 170; 17 S. C., 89; 20 S. C., 210.   *Error to refuse to allow counsel to argue title by common source:* 5 Rich., 541; 22 S. C., 137; 53 S. C., 216; 17 S. C., 89; 20 S. C., 210; 24 S. C., 285; 44 S. C., 548; 52 S. C., 583.   *Evidence sufficient to show seizin in testator:* 17 S. C., 89; 7 Wheat., 59; 20 S. C., 210; 24 S. C., 385; 18 La. An., 337; 2 Bay, 487; 8 C. & P., 537; 3 C. & P., 610; 4 John (N. Y.), 202; 5 Ga., 561; 9 N. J. L., 149; 1 Strob., 590; 11 Mo., 3; 4 DeG. J. & S., 625; 1 C. M. & R., 222; 10 John, 338; 47 Mass., 444; 1 Bur., 108, 111.   *Error to direct verdict:* Code, 287; 16 N. Y., 602, 606; 21 S. C., 557; 52 S. C., 583; 36 S. C., 561; Con. 1895, art. V., sec. 26; Con. 1868, art. IV., sec. 26.   *Plaintiff had right to take nonsuit, with leave to appeal:* Rules of Court, 29, 30; 1 Bail., 262; 3 McC., 568; 2 Brev., 32.   *Error not to allow plaintiff to give further evidence:* 1 Hill., 404; 8 Rich.; 295; 2 S. C., 230; 8 S. C., 318.   *Under will, appellant only person entitled:* Bail. Eq., 40, 42; 16 S. C., 310; 46 S. C., 267.   *Possession claimed was not adverse to appellant:* Rice, 14; 3 Rich., 104; 16 S. C., 228; 18 S. C., 527; 25 S. C., 524; 40 S. C., 182.

*Messrs. Haynsworth, Parker & Patterson,* contra, cite: *Answer denies plaintiff's title:* 44 F. R., 532, 533; 6 Rich. Eq,. 302; 6 S. C., 113.   *Evidence showed no title in plaintiff:* 15 S. C., 262.   *Judge should direct a verdict when only questions presented are legal issues:* 13 S. C., 115, 375; 42 S. C., 28.   *Burden of proving title is on plaintiff in partition*

*where it is denied:* 29 S. C., 49; 54 S. C., 123; 38 S. C., 541. *Admissions in one defense cannot support issues in another:* 25 S. C., 181; 29 S. C., 52; 5 S. C., 354; 23 S. C., 502. *Limitation over in will on marriage of either daughter:* 7 Rich. Eq., 105; 2 Rich. Eq., 136; 30 S. C., 184. *Defendants had land long enough to presume grant:* 15 S. C., 262; 54 S. C., 123.

April 9, 1900.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   In this action for the partition of land an issue of title was raised in the answer, and such issue was submitted to a jury.   Plaintiff's counsel having closed his case, defendant moved that the jury be directed to find a verdict for the land in dispute, upon the ground that no title in Pinckney Hawkins, under whose will the plaintiffs claimed, had been proved, and further that under the provisions of the will the plaintiff was not entitled to recover.   The presiding Judge declined to pass upon the second of these questions, but announced that he would direct a verdict for the defendant upon the first ground.   Plaintiff's counsel then asked leave to introduce further testimony upon that point, which was refused for reasons afterwards stated as follows: "Defendant's counsel gave specific and marked notice in open Court to plaintiff's counsel, and asked more than once if the plaintiff's counsel had no further testimony, so that the plaintiff's counsel could not have overlooked by inadvertence the lack of evidence; again, the case is a hard one, and, in my judgment, both sides could only expect to win by the application of the hard technical rules of law." Plaintiff's counsel thereupon asked that he be allowed to argue the facts to the jury.   This was refused; plaintiff's counsel then moved for leave to take a nonsuit.   This also was refused.   Then, under instructions by the Court, the jury found a verdict for the defendant.   A motion for new trial was made and refused.   Then the complaint was dismissed.

The first question presented was one of pleading, whether the answer put in issue the allegation of title in Pinckney Hawkins at the time of his death. The form of defendant's denial is: "She denies that she has knowledge and information sufficient to form a belief, &c." Appellant's objection to this is that it does not conform with section 170 of the Civil Code, which requires a denial of "any knowledge or information, &c." We think the denial is a substantial compliance with the above requirement. In fact, if possible, it is more comprehensive than the Code requirement, for it is a denial that all her knowledge and all her information combined are sufficient to form a belief. The Court was, therefore, correct in holding that the seizin of Pinckney Hawkins was put in issue.

The next question is, was there any evidence of title in Pinckney Hawkins. The only evidence on this question was to the effect that Pinckney Hawkins before his death lived on the land, and that he died there in 1849, leaving a will devising said land. The fourth clause of said will is as follows:

"I give unto my daughters, Chloe Hawkins and Melinda Hawkins, * * * one hundred acres, including the dwelling house and improvements of the Dozier tract whereon I now live, to be divided as my executors think best upon the marriage of either of them; and in the event of the death of either of them without issue, their portion at that time to go to my surviving children, share and share alike." There was evidence that Chloe Hawkins died in 1877, and that Melinda Hawkins married in 1860, and died in January, 1897, but so far as we can find in the record, there was no evidence that Chloe and Melinda died without issue. It was also shown that at the time of the death of Melinda Hawkins, the plaintiff was the only surviving child of the said Pinckney Hawkins. It was further established that the defendant was in possession of the land at the time of the trial, and had been in possession ever since 1857, claiming it as her own. It is clear that this evidence is fatally defective to establish title in plaintiff on two grounds:

(1) failure to show title in Pinckney Hawkins; (2) failure to show that Melinda Hawkins died without issue, the event upon which plaintiff was to take under the will, assuming title in the testator; for although plaintiff was an heir at law to Pinckney Hawkins, yet having established the will, she could only claim by connecting herself with it. The Circuit Court, however, relied on the first ground, and in this we do not think he committed error. There was no evidence as to the length of Pinckney Hawkins possession, and no evidence of the character of his possession, beyond the implied assertion of title in the attempt to devise it. There was no evidence that Chloe Hawkins and Melinda Hawkins had ever taken possession of the land, nor was there any evidence that the plaintiff had ever been in possession; on the contrary, the admission was that defendant had been in possession for about forty years, claiming it as her own. As there was nothing to go to the jury, it was the duty of the Court to instruct a verdict for defendant. It follows, as a matter of course, that there was no error of law in refusing to allow plaintiff's counsel to argue to the jury admitted facts capable of but one inference, upon which the Court, after argument, would be bound to instruct a verdict.

Appellant, however, contends that the answer of the defendant furnished evidence that defendant was claiming under Pinckney Hawkins as a common source, and that this dispensed with any necessity to prove title in Pinckney Hawkins. The Circuit Court overruled this contention, under the authority of *Stanley* v. *Shoolbred*, 25 S. C., 192. This case held that allegations in a second defense could not be resorted to as evidence to establish issues raised in the first defense, and the ruling was approved in *Brock* v. *Nelson*, 29 S. C., 52. This being an action for partition and for final determination by the Court in its equitable jurisdiction, in the absence of any evidence to establish title in the plaintiff, it was proper to refuse to allow plaintiff to take a nonsuit, and, instead, to direct a verdict. *Barnes.* v. *Rodgers,* 54 S. C., 123.

The only remaining question is whether the Court abused its discretion in refusing to allow plaintiff to introduce further evidence after the ruling of the Court on the issues discussed. It may well be said that it would have been a wiser exercise of discretion to have allowed further evidence, but that is not the question we must consider. There was ground for the exercise of the Court's discretion in refusing to allow further evidence after the case was closed and a decision rendered. The plaintiff did not omit the needed evidence through inadvertence, but, on the contrary, was warned in such a way as should have arrested his attention to the requisite testimony, if it was avoidable. If plaintiff erred in judgment as to the legal questions involved or as to the force and effect of the evidence, those are very common mistakes, and are met with in almost every trial. The Court did not abuse its discretion. A dismissal of the complaint necessarily followed.

The judgment of the Circuit Court is affirmed.