### GARNER v. GARNER.

Nonsuit—Equity.—A Motion to dismiss a complaint in an equity suit on the ground that there is no testimony tending to support the allegations of the complaint is in effect a motion for a nonsuit and should not be granted, but the issues should be decided after all the evidence is in.

Before Dantzler, J., Florence, December, 1904. Affirmed.

Action by John S. Garner *et al.* against Joseph F. Garner *et al.* From order of Circuit Court overruling order of master dismissing complaint, defendants, Arthur and Maggie Garner, appeal.

*Messrs. W.F. Dargan* and *George Galletley,* for appellants. *Mr. Dargan* cites: *Complaint can be dismissed:* Rule 30, C. C.; 6 Ency. P. & P., 831-2, 953-4. *Wards cannot claim both land and proceeds:* 20 S. C., 412.

*Messrs. Green & Hines* and *J. P. McNeill,* contra. *Messrs. Green & Hines* cite: *Proof was sufficient to sustain the complaint:* 8 Ency., 1 ed., 654, 656; 4 McC., 294; Bail. Eq., 126. *Purchaser from guardian of lands sold under proceeding to which wards were parties must satisfy himself that guardian paid full value:* 13 S. C., 163; 2 Hill Ch., 567; 9 Ency., 1 ed., 148.

October 10, 1905. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action to set aside certain transactions for fraud, to subject the lands described in the complaint to the payment of the claims therein mentioned, and for an accounting as to rents and profits.

By order of the Court, a referee was appointed to take the testimony, and report his conclusions of law and fact. At the close of the plaintiffs' testimony a motion was made to

dismiss the complaint as to the defendants, Arthur R. Garner and Maggie Garner, on grounds which are set out in the report of the referee.

The report of the referee was as follows: "This case was referred to me by order of the Court, bearing date the day of         , to take testimony and report on all issues. Pursuant to this order, I have taken the testimony, which is herewith submitted.   At the conclusion of the testimony on behalf of the plaintiffs, the attorneys for defendants moved to dismiss the case as to the defendants, Arthur R. Garner and Maggie Garner, on the following grounds, to wit:

"First. Upon the ground of an utter failure to prove and sustain the action against them, under Rule 30 of the Circuit Court, and because the proof adduced before the referee was insufficient to support the cause of action against the said defendants.

"Second. Because it appears from the pleadings and proof of the plaintiffs that the land in question was sold for $3,428, and that the plaintiffs have received the same and have not returned, or tendered, the same to the defendants, or either of them.

"After hearing argument, the motion is granted, on the ground first stated, to wit: because I find that there is not sufficient testimony to make out a case against the defendants, Arthur R. Garner and Maggie Garner."

Both the plaintiffs and the defendants, Arthur R. Garner and Maggie Garner, filed exceptions to the report.

His Honor, the presiding Judge, made the following order: "This cause came on to be heard on exceptions to the report of the referee, to whom was referred all issues of law and fact.   A motion by the defendants, Arthur R. Garner and Maggie Garner, was made on the close of plaintiff's testimony, to dismiss the complaint as to them, upon grounds fully set forth in their motion.   The referee granted defendants' motion on the first ground set forth, dismissing the complaint as to Arthur R. Garner and Maggie Garner.

"It appearing from the testimony that there was some evidence going to prove that at the sale of the real estate mentioned in the complaint as having been made at Darlington in 1884, there was an attempt to chill the bid at such sale, which resulted in sale of same at less than its real value, to the detriment and injury of the rights of the plaintiffs, then wards of the defendant, Joseph F. Garner; and it appearing that said Arthur R. Garner and Maggie Garner were advantaged by the chilling of the said bid, the Court is of the opinion that the referee erred in dismissing the complaint as to those defendants.

"It is so ordered. Ordered, further, that the cause be remanded to the referee to take further testimony therein, responsive to the allegations in the pleadings."

The said defendants appealed upon exceptions assigning error in reversing the referee upon the first ground of the motion to dismiss the complaint, and in refusing to reverse his ruling upon the second of said motion. The motion to dismiss the complaint on the ground that there was no testimony tending to sustain the allegations thereof was, in effect, a motion for a nonsuit, which cannot properly be made in an equitable action. *Woolfolk* v. *Man'g. Co.,* 22 S. C., 332; *McClenaghan* v. *McEachern,* 47 S. C., 446, 25 S. E., 296; *Barnes* v. *Rodgers,* 54 S. C., 115, 31 S. E., 885; *Gilreath* v. *Furman,* 57 S. C., 289, 35 S. E., 516; *Railway* v. *Beaudrot,* 63 S. C., 266, 41 S. E., 299. The general principle is thus stated in 6 Enc. of Pl. and Pr., 830: "Nonsuits are applicable only to cases arising before common law tribunals, and cannot be resorted to in actions of an equitable nature, unless by virtue of statutory authority." In cases brought to trial before a jury, the presiding Judge rules upon the questions of law and the jury determines the issues of fact. The object of the nonsuit is to withdraw the case from the jury upon a question of law to be decided by the presiding Judge. It is the dual nature of the trial that gives rise to the practice of making a motion for nonsuit. There is no necessity for resorting to this practice in chancery

cases, as the questions of law and issues of fact are to be determined by the same person except in certain cases not necessary to mention.

The case under consideration is a good illustration that it is far better for the referee to decide the issues after all the testimony has been submitted, instead of granting a nonsuit or dismissal at the close of the plaintiffs' testimony; for the reason that the Court, when called upon to decide whether there was any testimony, to sustain the allegations of the complaint, is compelled to canvass the evidence without the aid of the referee's findings of fact, as required by Rule 30 of the Circuit Court.

Another reason why the practice of granting nonsuits should not be sanctioned in equity cases is that it may not have the effect of a final judgment as to the rights of the parties, and the same question may afterwards arise when the plaintiff is able to supply the testimony which was lacking, and thus prolong litigation.

But waiving this objection, we are satisfied that the order of the referee was properly set aside by his Honor, the Circuit Judge.

As the case will be remanded for further proceedings, the Court deems it advisable to refrain from a discussion of the testimony in detail until the findings of fact have been made in the manner provided by Rule 30, hereinbefore mentioned.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.

MR. JUSTICE JONES *concurs in the result.*

MR. JUSTICE WOODS, *concurring in the result.* I express no opinion as to whether the evidence is strong enough to justify a final decree in favor of the plaintiffs annulling the sale of the land as against the defendants, Arthur R. Garner and Maggie Garner, who set up the defense of purchasers for valuable consideration without notice; nor as to whether the Circuit Judge was right in holding the mere fact of these defendants being advantaged by the chilling of the bidding at the sale when Joseph F. Garner, their grantor, bought,

would be sufficient to set aside the sale as to them.   But I think the relationship of the Garners and the evidence of lack of means of Arthur R. Garner and Maggie Garner to make the purchase, were sufficient to make it safer to refuse a motion to dismiss the complaint without hearing all the evidence that either side had to offer.

I do not assent, however, to the view taken in the opinion of Associate Justice Gary, that the Circuit Judge should never dismiss an equity cause, upon hearing the evidence of the plaintiff, however conclusively it may show he is not entitled to recover.   The authorities cited in the majority opinion fully establish that where an issue of fact is referred to a jury a nonsuit cannot be granted.   The philosophical reason for this is that an order of nonsuit is not conclusive of the issue, and, therefore, there should be a verdict, which is conclusive, as contemplated by the statute.   But on the trial of an issue from an equity cause submitted to a jury the practice of directing a verdict for defendant when it is plain the plaintiff has not established his case, is sustained in *Brock* v. *Nelson,* 29 S. C., 49, 6 S. E., 899, and *Gilreath* v. *Furman,* 57 S. C., 289, 35 S. E., 516.   It follows inevitably that where the Circuit Judge is trying the cause on evidence taken in open court or by a master or referee, under the order of the court, and it appears clearly from the plaintiff's own showing that in no view of the facts could there be a decree in his favor, the Circuit Judge may dismiss the complaint without consuming the time and labor necessary to take the evidence on the part of the defendant.   To curtail the power of the Circuit Court in this regard would, in my opinion, be fruitful of delay and unnecessary labor.   No doubt the case should be quite clear to warrant such action, because in such cases, as in cases where nonsuits are granted or verdicts directed, there is always the possibility of delay from the necessity of a new trial, if on appeal this Court should regard the evidence worthy of rebuttal.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*