15478

JEFFERSON STANDARD LIFE INSURANCE COMPANY v.
BODDIE *ET AL.*

(23 S. E. (2d), 817)

2 

March, 1940. 

Mr. M. L. Meadors, of Florence, and Mr. A. C. Hinds, of Kingstree, Counsel for Appellants, 

Messrs. Lee & Shuler, of Kingstree, and Messrs. Thomas, Cain & Black, of Columbia, Counsel for Respondent, 

December 15, 1942.

The opinion of the Court was delivered by Mr. Asso-
ciate Justice Fishburne:

This action was commenced as an ordinary suit for the
foreclosure of a mortgage of real estate given by D. C. Scott,
Jr., now deceased, to the plaintiff, Jefferson Standard Life
Insurance Company. The complaint contains the usual al-
legations and prayer for relief pertinent to suits for fore-
closure. An amended answer was filed by D. C. Scott, Jr.,
admitting the execution and delivery of the note and mort-
gage, and by way of affirmative defense and counterclaim,
he set up his right to the total and permanent disability
benefits provided under the terms of the policy of insur-
ance issued to him by the plaintiff on March 26, 1926. This

policy of life insurance, with disability features, was assigned to the plaintiff as collateral security coincident with the execution and delivery of the note and mortgage, as a condition precedent to obtaining the loan.

In the amended answer, the claim is made that Scott had been totally and permanently disabled within the meaning of the policy, since January 1, 1933; that from the date of its issuance, the policy had been in the exclusive possession of the plaintiff, and that knowledge of its provisions relating to disability benefits had just come to the attention of the insured.

By its reply to the counterclaim, the plaintiff denied the right of the insured to recover anything under the disability provisions of the policy. It also set up, as a bar to recovery, the failure on the part of the insured or anyone else in his behalf to give notice or file proofs of the alleged disability as required by the policy. While the case was pending, D. C. Scott, Jr., died, in June, 1939, and subsequently, and before trial, the beneficiaries under his will, together with the administrator c. t. a. of his estate, were substituted as parties defendant in his place.

The cause was referred by an order of the Circuit Court, and thereafter before the holding of any reference, upon motion of the defendants, issues arising out of the counterclaim were framed for trial by jury under Code Section 593, by an order of his Honor, Judge E. C. Dennis, presiding Judge, of date March 21, 1939. The case came on for trial at a subsequent term of the Court before his Honor, Judge M. M. Mann and a jury. Upon motion of the plaintiff, Judge Mann granted a nonsuit upon the counterclaim, and thereafter issued a decree of foreclosure and sale of the property covered by the mortgage.

We first consider that ground of appeal which questions the right and propriety of the order of nonsuit passed by Judge Mann. In the first place, it is urged by the appellants that Judge Mann was bound by the previous order of

Judge Dennis, wherein it was directed that the issues as framed be tried by a jury, and, next, that the case, being one involving issues arising out of an equity cause, a nonsuit should not have been granted, and that this rule or principle applies not only to the hearing before a Referee on strictly equitable issues, but also to the issues framed in an equity cause under Section 593, 1942 Code, for trial and decision by a jury.

> We may say at the outset that issues framed in chancery under Code, Section 593, do not survive the term, and that a succeeding Circuit Judge before whom the cause comes up for trial at a later term is not bound to be governed thereby. *Johnstone v. Matthews,* 183 S. C., 360, 191 S. E., 223; *In re Nightingale's Estate,* 182 S. C., 527, 189 S. E., 890. The decision in these cases rests upon the principle that issues in chancery framed under this section were intended for the aid of the ·Judge who framed them, and do not bind the trial Judge before whom the cause may finally be heard. And see *Montague v. Best,* 65 S. C., 455, 43 S. E., 963; *Momeier v. John Mc-Alister, Inc.,* 190 S. C., 529, 3 S. E. (2d), 606.

When the trial was entered upon, but before the empaneling of a jury, the plaintiff took the position that the order of Judge Dennis, wherein the issues arising out of the counterclaim were framed under Code Section 593, was not binding upon the Court, and urged that the matter be heard before him sitting as a chancellor, independently of any action previously taken. The trial Judge adopted this view provisionally, but stated that he would consider the order of Judge Dennis sufficiently binding upon the Court to require the empaneling of the jury and the submission of the issues as framed. However, it was explained that the adoption of this course would not be understood as depriving the Court as a chancellor of the power of determining all of the issues after hearing the testimony. Judge Mann also said:

"I would hold at this time in this case that to my mind it is still a case in equity, and that if it should develop during the progress of the taking of testimony that it is a matter for the chancellor's determination on his own responsibility, I would have the right either to take the advice of the jury for the purpose of enlightening the Court's conscience, or withdrawing it from the jury and hearing it as a chancellor."

A jury was empanelled, and upon the conclusion of testimony offered by the defendants, who by reason of the counterclaim became the actors in the cause and assumed the burden of proof,—the plaintiff moved for a nonsuit upon the ground that there was a failure of testimony tending to show that D. C. Scott, Jr., the insured, during his lifetime, was totally and permanently disabled as that term is defined in the contract of insurance; and upon the further ground that there was no evidence that the insured gave the notice and filed the proofs which are made prerequisite to the establishment of liability under the contract; nor evidence tending to show that the insured should be excused from his noncompliance with the policy provisions with reference to the giving of notice and the filing of proofs. This motion was sustained by the Court upon all the grounds asserted, and the order of nonsuit was granted.

The specific point is made by the appeal that it is improper to grant a nonsuit in an equity case, such as the one now before the Court, and we think there is merit in this contention.

It has been held in numerous cases that a motion for a nonsuit may not properly be entertained or granted in an action in equity. *Woolfolk v. Graniteville Mfg. Co.,* 22 S. C., 332; *McClenaghan v. McEachern,* 47 S. C., 446, 25 S. E., 296; *Barnes v. Rodgers,* 54 S. Ct., 115, 31 S. E., 885; *Gilreath v. Furman,* 57 S. C., 289, 35 S. E., 516; *Southern Ry. v. Beaudrot,* 63 S. C., 266, 41 S. E.,

299; *Garner v. Garner,* 72 S. C., 437, 52 S. E., 194, 5 Ann. Cas., 210; *Broom v. Helms,* 83 S. C., 447, 65 S. E., 602; *Commercial & Savings Bank v. Ward,* 146 S. C., 77, 143 S. E., 546; 17 Am. Jur., Section 3, page 58.

In *Garner v. Garner, supra,* the Court quotes with approval the general principle stated in 6 Enc. of Pl. and Prac., 830: "Nonsuits are applicable only to cases arising before common-law tribunals, and cannot be resorted to in actions of an equitable nature, unless by virtue of statutory authority."

And the Court in the same case, by way of elaborating the principle, further said: "In cases brought to trial before a jury, the presiding judge rules upon the questions of law and the jury determines the issues òf fact. The object of the nonsuit is to·withdraw the case from the jury upon a question of law to be decided by the presiding judge. It is the dual nature of the trial that gives rise to the practice of making a motion for nonsuit. There is no necessity for resorting to this practice in chancery cases, as the questions of law and issues of fact are to be determined by the same person except in certain cases not necessary to mention."

One of the controlling reasons given by the Courts against the granting of nonsuits in equity cases is that such practice may not have the effect of a final judgment as to the rights of the parties, and the same question may afterward arise when the plaintiff is able to supply the testimony which was lacking, and thus prolong litigation. An order of nonsuit is not conclusive of the issues.

Of course the trial Judge after hearing all the evidence in open Court could have withdrawn the case from the jury—*Johnstone v. Matthews, supra*—and thereafter issued his decree passing upon all of the issues, but he did not adopt this course. Very probably the motion made by the plaintiff's attorneys for a nonsuit tended to confuse the matter, but it is entirely clear that

the trial of the case proceeded throughout as a proceeding on the equity side of the Court and a motion for a nonsuit should not have been entertained. In view of the authorities cited, we are constrained to hold that the Court committed error in granting the nonsuit.

The defendants also appeal on the ground that the decree foreclosing the mortgage should be reversed because as to this phase of the case the matter was still under reference, although no reference had been held.

It appears that in the complaint for foreclosure the ■■ Citizens and Southern National Bank was made a party defendant upon the general allegation that it held certain judgments constituting liens against the property of D. C. Scott, Jr. The answer of the defendants denied the existence of these liens; and the statement is not disputed, that there is no pleading in the record on the part of the bank, nor has any pleading on the part of the bank been served on the defendants. With reference to this issue, which must have been inadvertently overlooked by the trial Judge in the formulation of the decree, we think that the defendants should have the opportunity of contesting the validity of the alleged liens held by the Citizens and Southern National Bank, and the amount due thereon, if anything. In all other respects, however, the decree of foreclosure should stand unchanged. In open Court during the trial of this case, the defendants admitted the execution and delivery of the note and mortgage and stated that they were not in position to deny the amount due thereon. No issues thereabout should be re-opened.

As the cause must be remanded for a new trial upon the issues raised by the counterclaim, we deem it advisable to refrain from any discussion of the testimony offered by the defendants.

The case is, therefore, remanded for a new trial in accordance with the views herein expressed.

Mr. Chief Justice Bonham and Messrs. Associate Justices Baker and Stukes concur.