## HAMMOND *v.* FOREMAN.

1. ISSUES IN CHANCERY—APPEALS.—The act of 1890, 20 Stat., 695, regulating the ordering of issues out of chancery for trial by jury on motion of a party to the cause, does not prevent the chancellor from directing such a trial, whenever, in his judgment, it is necessary for the enlightenment of his conscience; and an order so made by him does not involve the merits, and is not appealable.

Before NORTON, J., Aiken, April, 1894.

Action by E. S. Hammond against Thomas L. Foreman, for specific performance of an agreement.

*Mr. M. B. Woodward,* for appellant.

*Messrs. Henderson Bros.,* contra.

March 4, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. It seems that this action, which was on the equity side of the Court of Common Pleas, had been placed on its appropriate calendar, No. 2. The defendant having in

his answer raised questions of fact, and desiring an issue framed
to try the same, gave a notice in writing that he would move
the court on the first day of its session to frame such issues of
fact for trial by jury. Neither counsel for plaintiff nor defend-
ant happened to be present in court when his honor, Judge
Norton, called for issues, as required by the act of 1890 (20
Stat., 695); but subsequently, and before the juries for the term
had been discharged, the counsel for defendant called up his
motion. The order was objected to, because not in time, under
the act of 1890, *supra*. The Circuit Judge, as a chancellor,
when the cause was reached on the call of Calendar No. 2,
passed an order reciting that defendant was not entitled to his
order under the above act, but held and announced that ques-
tions of fraud in an equitable action are peculiarly appropriate
to a jury trial for the enlightenment of the court, and settled
these issues for trial before a jury. The plaintiff, conceiving
that the act of 1890 was exhaustive as to the mode by which
trial by jury of issues of fact in an equitable action may be had,
appealed from such order of the Circuit Judge, and his six
grounds of appeal present this question in its several phases.

The defendant assails the appellant's right of appeal. Clearly
the appellant has no right of appeal at this time, unless the
order in question involves the merits, or, if unreversed,
will lead to a denial by the court of some substantial
legal right of the appellant here. This would be the
case if this court should hold that the act of 1890, *supra*, de-
prived a chancellor of the power of submitting issues to a jury
whenever, in his judgment, such a course was necessary to the
enlightenment of the conscience of the court. For this court
to adopt such a view of the effect of the act in question would
work a radical change in the machinery of the Court of Equity
as it has existed here from time immemorial. We cannot view
this act of 1890 as intended for such a purpose, or as working
out such a result. If we did, we would not hesitate to declare
it unconstitutional, as subversive of the provisions of the Con-
stitution relating to courts of common pleas and this court in
equitable actions. This last course is not necessary, in the
view of this court. Hence we think the Circuit Judge, sitting

as a chancellor, had a perfect right, in his discretion, as such, to order out these issues for a trial by jury; and his order, therefore, did not involve the merits, nor did it amount to a practical denial of a substantial legal right of the appellant. The order was not appealable.

It is the judgment of this court, that the order of the Circuit Court now appealed from be affirmed, and that the action be remanded to the Circuit Court, for a trial by jury of the issues framed by the order of Judge Norton, and thereafter for a hearing of the action by the Circuit Court as in chancery, untrammeled by the provisions of the act of 1890, as found in 20 Stat., 695.

MR. JUSTICE GARY concurred in the result.