GREENVILLE v. ORMAND.

1. FRAUD—EQUITY—CALENDAR.—Where the answer, by confession and avoidance, alleges fraud and mistake in the account secured by the bond sued on, a question is raised on the equity side of the court which makes it proper for the cause to be docketed on Calendar 2.

Before WATTS, J., York, April, 1894.

Action by City Council of Greenville againt G. C. Ormand, survivor of Ormand & Goforth, and their sureties, commenced August 15, 1893. Defendants appealed.

*Messrs. Hart & Hart, Finley & Brice*, and *C. E. Spencer*, for appellants.

*Messrs. J. A. McCullough* and *Wilson & Wilson*, contra.

April 15, 1895.   The opinion of the court was delivered by

MR. JUSTICE POPE.   The appellants allege error in the order of his honor, Judge Watts, in refusing, at the April, 1894, term of the Court of Common Pleas for York County, in this State, to grant an order transferring this action from Calendar 2 to Calendar 1, so that all the issues involved in the action might be tried by a jury.   The grounds of appeal from this order refusing the said motion are two in number, but they are intended to raise the question that the pleadings, when properly construed, show that such issues were, under section 274 of our Code of Civil Procedure, triable by a jury as a matter of right of the defendants.

It seems to us that the Circuit Judge was right in keeping this action on Calendar 2, because the issues as made by the pleadings were purely of an equitable character, and we will now briefly indicate the basis of this our conclusion.

It seems that in March, 1892, the City Council of Greenville determined to lay down within the city of Greenville a sewerage system, and on the 19th of that month entered into a contract with Ormand & Goforth to excavate and fill trenches for sewers within the limits of that city. This contract and the specifications of the city engineer therefor are made a part of the complaint. On the same day Ormand & Goforth, with R. J. Dunlap, L. K. Armstrong, L. R. Williams, and John Nichols, as their sureties, executed to the city of Greenville their bond in the penal sum of $10,000, conditioned "that the said Ormand & Goforth should well and truly keep and perform all the terms and conditions on their part to be performed, and should indemnify and save harmless the said city of Greenville, as therein stipulated." [The complaint further alleged] that subsequently, on the 7th day of May, 1892, the said sureties, under their hands and seals, agreed that the city of Greenville might increase the compensation to their principals, without impairing their bond of 19th March, 1892; that W. L. Goforth, of the firm of Ormand & Goforth, having died, the sureties, on the 12th of August, 1892, agreed as follows: "Know all men by these presents, that we, R. J. Dunlap, L. R. Williams, L. K. Armstrong, and John Nichols, sureties * * * agree that said bond (19th March, 1892,) shall cover, in addition to the matters therein stated, any amount that Ormand & Goforth, or G. C. Ormand, survivor, may be due the city of Greenville, upon final settlement with the same, for moneys advanced in the purchase of tools and dynamite used or to be used in the work named in the original contract; also, any loss sustained by the said city of Greenville, or liability incurred by reason of the use of the credit of said city of Greenville by Ormand & Goforth, or G. C. Ormand, survivor, in the purchase of tools and dynamite;" that thereafter, between the 1st September, 1892, and 13th day of December, 1892, the said city of Greenville, relying upon said agreement, advanced the sum of

$2,158.02, which was paid by them for the purchase of tools and dynamite by said G. C. Ormand, survivor; that R. J. Dunlap thereafter departed this life, and the defendant, Thomas F. Dunlap, is his administrator. The city of Greenville, through its city council, demands a judgment against the defendant for said $2,158.02.

The defendants, after admitting the execution of the foregoing papers, insist that they ought not to pay said sum, because the city engineer, in making up his estimates of the work done by said Ormand & Goforth, and G. C. Ormand, as survivor, which estimates under the original contract were to be binding upon all the parties as to said work, either by fraud or palpable mistake neglected and refused to allow the contractors $14,529.42, in addition to the sums he did allow, and further charged the contractors with the sum of $850 improperly paid by the city of Greenville to some of its proper owners for alleged injuries to their property, respectively, growing out of the labor of said contractors in carrying out their contract; that the defendants, who were sureties, were made to assume liability improperly; that if the accounts between the city of Greenville and Ormand & Goforth, and G. C. Ormand, as survivor, were properly adjusted, there would be nothing due by the defendants to the plaintiff, but on the contrary, the plaintiff would be due the defendant, G. C. Ormand, as survivor, the sum of $13,221.40.

Now, it must be apparent that the defendants confess and avoid, and that the matters in avoidance involve the connection of fraud and palpable mistake in an involved account which, on the law side of the courts, their bond, executed on 19th March, 1892, would preclude them from claiming, but, under familiar principles of equitable jurisprudence, in a court of equity could be fully considered. Such being the case, we see no error in the order of Judge Watts now complained of.

It is the judgment of this court, that the order appealed from be affirmed, and the cause is remitted to the Circuit Court, to be there heard as a cause in equity.