THE BANK OF HAMPTON v. FENNELL.

1. REFERENCE—FORECLOSURE.—A JUDGE AT CHAMBERS in a county other than the one in which the action is pending may, on motion, order reference to take testimony on amount due on mortgage. *Kaminisky* v. *Trantham,* 45 S. C., 8, *distinguished from this.*

2. IBID.—Section 276 of the Code, as to docketing cases, does not apply to motions made for orders preparatory to hearing cases on their merits.

3. IBID.—ISSUES.—Order of reference is not intended to interfere with appellant's rights as to mode of trial of issues.

Before BENET, J., Beaufort, January, 1899.    Affirmed.

Foreclosure by the Bank of Hampton against Rhoda L. Fennell and H. J. Addison. From order of reference to take testimony on amounts due plaintiff and defendant, H. J. Addison, the defendant, Rhoda L. Fennell, appeals.

*Messrs. E. F. Warren* and *Albert M. Boozer,* for appellant, cite: *Did Judge have jurisdiction at chambers to pass the order?* 45 S. C., 8; Rev. Stat., 2247; 47 S. C., 33. *Judge cannot interfere with right of defendant to move for issues to be sent to jury in ten days after issue joined:* Code, 274; 28 Rule of Circuit Court; 5 S. C., 412; 7 S. C., 77; 23 S. C., 14.

*Mr. W. S. Tillinghast,* contra, cites: *Any order may be made at chambers except one granting a new trial or vacating a judgment:* 26 S. C., 99; 46 S. C., 149; Code, 402; 44 S. C., 383. *Provisions as to docketing do not apply here:* Rev. Stat., 2248; 46 S. C., 499. *This is not a case in which defendant could demand issues sent to jury:* 43 S. C., 192; 46 S. C., 499; 20 S. C., 384.

June 27, 1899.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This action was brought to foreclose a mortgage of real estate in Hampton County.    On January 5th, 1899, the defendant, Rhoda L. Fennell, filed an

answer to the complaint, in which she raised issues of fact. On 7th of January, 1899, the plaintiff's attorney gave notice that he would make a motion before the presiding Judge, at his chambers, at Beaufort, S. C., on the 11th of January, 1899, for an order referring it to the clerk of the Court to take testimony as to the amount due on the bonds and mortgages set out in the complaint and the answer of H. J. Addison. The presiding Judge made the following order on 13th January, 1899: "On proof of due notice of this motion, and after hearing counsel for plaintiff and defendant, H. J. Addison, and E. F. Warren, Esq., for defendant, Rhoda L. Fennell, ordered, that R. E. Causey, clerk of this Court, within six days from the docketing of this cause, hold reference and take the testimony as to the amounts due plaintiff and the defendant, H. J. Addison, on the bonds and mortgages set out in the complaint herein, and to report such testimony to the next term of this Court."

Rhoda L. Fennell appealed upon the following exceptions: "1. It is submitted that the Circuit Judge erred in ordering this case to a referee over the protest of appellant, at chambers, in a county other than the county in which the action is pending, to wit: in Beaufort County. 2. It is submitted that the Circuit Judge erred in ordering the case to a referee over the protest of appellant, before the case was docketed in the county where the action is pending. 3. Because of error in ordering a reference within ten days after issue joined in this case, and before the expiration of ten days after issue joined." There was a fourth exception, but it was abandoned.

We proceed to a consideration of the question raised by the first exception. Section 2244 of the Rev. Stat. is as follows: "The Circuit Court shall be deemed always open for the purpose of issuing and returning mesne and final process and commissions, and for making and directing all interlocutory motions, orders, rules, and other proceedings whatever, preparatory to the hearing of all causes pending therein upon their merits; and it shall be

competent for any Judge of the said Court, upon reasonable notice to the parties, in the clerk's office or at chambers, and in vacation as well as in term, to make, direct, and award all such process, commissions and interlocutory orders, rules, and other proceedings, whenever the same are not grantable of course, according to the rules and practice of the Court." Section 402 of the Code provides: "1. An application for an order is a motion.    2. Motions may be made to a Judge or Justice out of Court except for a new trial on the merits." The order of the presiding Judge was preparatory to the hearing of the cause upon the merits, and, therefore, is embraced in the provisions of the foregoing sections.    The facts of this case are quite different from those in the case of *Kaminisky* v. *Trantham,* 45 S. C., 8.    In the last mentioned case there was a judgment of foreclosure and a sale of the property.    The purchaser failed to comply with his bid and a motion was made for an order to resell.    Such an order' was not "preparatory to the hearing of the case on the merits."    Furthermore, the order to resell constituted a part of the judgment of foreclosure, and it is well settled that a judgment cannot be rendered at chambers.

We will next consider the second exception. The requirements of section 276 of the Code as to docketing cases were intended to give notice of trial.   *Bank* v. *Thompson,* 46 S. C., 499.   And they have no application when a motion is made for an order "preparatory to the hearing of the case on the merits."·

The Court will now consider the last exception.   The exception fails to point out any specific error, but waiving this objection, it cannot be sustained.   The order of reference was not intended to interfere with any of the appellant's rights as to another mode of trial of the issues of fact, in pursuance of section 274a of the Code and the 28th Rule of the Court.

. Order affirmed.