MONTAGUE, ADM'R, v. BEST.

1. REFERENCE—JUDGE—CHAMBERS.—A Judge at chambers has power without consent to refer issues involving examination of long account.

2. RES JUDICATA—IBID.—ISSUES OUT OF CHANCERY.—Would special order continuing issues out of chancery to next term bind next Judge?

3. IBID.—IBID.—IBID.—WAIVER.—General order of continuance of a case in which issues had been submitted out of chancery, does not bind the next Judge; and where the Judge who ordered the issues afterwards rescinded the order at chambers, the rescinding order is appealable, but failure to appeal and submission to terms of order, waives the rights such party could have claimed thereunder.

Before TOWNSEND, J., Barnwell, July, 1902.    Reversed.

Foreclosure by H. W. Montague, administrator of W. P. Wilcox, against Susan H. and B. B. Best.    From Circuit order, defendants appeal.

*Messrs. Davis & Best,* for appellants, cite: Cir. Ct. Rule 28; 32 S. C., 203; 56 S. C., 298; 52 S. C., 511; Code, 195.

*Mr. I. L. Tobin,* contra, cites: Code, 293; 13 S. C., 334; Code, 1902, sec. 2244; 55 S. C., 485; 20 Ency., 1 ed., 670; 74 N. Y., 832; 25 N. Y., 203.

March 27, 1903.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an action to foreclose a real estate mortgage, and the main question now is as to the construction and effect of an order of reference to the master, the defendants having plead a general denial and payment, upon notice obtained from Judge Buchanan, at a regular term of the Court for Barnwell County, an order submitting the question of payment to a jury.    Afterwards at chambers, in Bamberg County, plaintiff moved to set aside that order,

and for an order of reference to the master, on the ground of excusable neglect in not appearing and opposing the motion to submit issue of payment to jury, and upon the further ground that the issues of fact in said action would require the examination of a long account between the parties, and as the result of the motion, the following order was granted: "After hearing argument and pleadings and affidavit for the motion to refer and prove issues, I am satisfied there should be a reference to the master of Barnwell County, and it is so ordered. The master may report any special matter." After the filing of the order, the master proceeded to hold references, and construed said order as referring all the issues of law and fact, and no question was raised before the master as to the validity or construction of said order. On the contrary, defendants procured from the master an order allowing answer to be amended so as to plead accord and satisfaction, and proceeded before the master in all respects as if all issues of law and fact had been referred. After testimony and argument upon the issues, the master filed his report, recommending foreclosure and sale, finding against defendants on the questions of law and fact. To this report defendants excepted, among others, upon the ground that Judge Buchanan had no jurisdiction to refer issues to the master without the consent of all parties, and that such consent had not been given.

The cause came on to be heard before Judge Townsend, at summer term of Court for Barnwell, 1902, and Judge Townsend sustained defendant's contention that the master had no right to hear and determine issues, construing Judge Buchanan's order of reference as one to take testimony merely, and was about to proceed to hear the cause upon the testimony as reported by the master, when both sides gave notice of intention to appeal, and the further hearing was suspended. The plaintiff contends that Judge Townsend erred in construing the order of Judge Buchanan as merely an order to take testimony, and we agree with plaintiff in this. The order must be construed with refer-

ence to the matters before the Judge at that time.    Plaintiff, it must be assumed, made good his claim that the case was one which would involve the examination of a long account. The motion as stated in the order was "to refer and prove issues," and the Court was satisfied that there should be a reference, as we construe it, for the purpose of proving issues.    To prove issues, means to make trial of issues, or to establish issues by evidence, and involves more than the mere taking of testimony, and includes the hearing and determination of the issues.    The defendants also concede that such is the proper construction of the order.    Defendants, however, contend that Judge Buchanan had no power to make such an order at chambers: (1) Without consent; and (2) Thereby setting aside the former order at term submitting issues of payment to a jury. , With reference to the first objection, it does not appear in "Case" whether or not defendants consented, except as stated in defendants' exception, which is not to be regarded as a statement of fact; but apart from this, under section 293 of the Code of Procedure, the Court without consent has power to refer the whole issue where it would involve the examination of a long account, and, as intimated above, in view of the ground of the motion, we are bound to assume that Judge Buchanan was satisfied of the existence of that condition.    *Ferguson v. Harrison,* 34 S. C., 173, 13 S. E., 332.

With reference to the second objection, this being a case of equitable cognizance purely, not being an action for the recovery of money only, or of specific real or personal property, defendants were not entitled to have the issue of payment submitted to a jury as matter of absolute right.    The defendant, however, under sec. 274a and Rule 28 of the Circuit Court, procured the order of Judge Buchanan, submitting the issue of payment to a jury.    That section of the Code provides: "Such issues shall be tried at the same term of Court at which they are ordered, and if necessary a day shall be set for the trial of the same: *Provided,* That a continuance may be ordered by the Court in

proper cases." It would seem that issues in chancery cases framed under this section were intended for the aid of the Judge who framed the issues, and that the order framing such issues for that particular term and Judge would not survive the term, unless by special order such issues were continued along with the cause. Whether such an order would bind the next Judge, need not be decided. There does not appear to have been any order continuing such issues as framed beyond the term. A mere failure to try the cause, or a general continuance of the cause, would not, in the absence of a special order for that purpose, carry forward such framed issues to the next term so as to bind the succeeding Judge. But if it be true that such order framing issues binds after the continuance of the cause to the next term, then the order of Judge Buchanan of April 17, 1902, in effect rescinding his former order submitting issues to a jury and submitting all issues to the master, would be a denial of a mode of trial by jury which by law had been accorded defendant, and as such would be appealable. *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Devereux* v. *McCrady,* 49 S. C., 425, 27 S. E., 467. Defendants not only did not appeal from the order of Judge Buchanan, but submitted all their defenses before the master under the order which it is admitted carried all the issues to the master for determination. They must, therefore, be deemed to have waived whatever right they could have claimed under the first order of Judge Buchanan.

The order of reference was such as Judge Buchanan had jurisdiction to make at chambers, under sec. 2244, Revised Statutes, and sec. 402, of the Code of Civil Procedure. *Bank* v. *Fennell,* 55 S. C., 380, 33 S. E., 485.

The order of Judge Townsend is reversed, and the cause is remanded for hearing upon the report of the master and the exceptions thereto, and in accordance with the views above announced.