## GOODWIN v. WILES.   •

ISSUES—ESTOPPEL.—If a plaintiff fail to give the notice required by rule 28, of C. C., he cannot demand a submission of issues to jury in equity cause as a right, but Judge may send out issues to enlighten his conscience. Where such issue is framed by one Judge, not tried by him, not ordered continued, but tried by succeeding Judge after insistence of defendant, after objection to change in issues proposed by plaintiff, he, having made no objection to issue as first framed, is now precluded from making any objection to the trial of the issue as framed.

Before J. P. CAREY, specal Judge, Richland, September, 1905.  Affirmed.

Action by Jane Goodwin against G. F. Wiles. From judgment for plaintiff, defendant appeals.

*Messrs. Herbert & Benet* and *H. N. Edmunds,* for appellant, cite: *Judge should have referred issues of fact and not broad issue of fraud:* Code, 274; 14 Ency., 19; 55 S. C., 276. *And should have tried issue at same time:* 25 S. C., 385; 65 S. C., 458.

*Messrs. DePass* and *DePass,* contra, cite: *Judge may send issues out of chancery:* 43 S. C., 264; 49 S. C., 345. *Case not being called for trial was continued by operation of law:* 54 S. C., 353; 49 S. C., 346. *No appeal lies from Judge Purdy's order, no notice having been given:* 11 S. E., 98; 14 S. C., 225; 52 S. C., 461; 33 S. C., 389; 43 S. C., 264; 7 S. C., 131. *No error in submitting issue of fraud:* Pom. on Con., 194. *Judge may send out issues independent of sec. 274, Code of Proc.:* 54 S. C., 353; 5 S. C., 411; 49 S. C., 345; 5 S. C., 411; 43 S. C., 264.

April 9, 1907.  The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought to cancel a deed for eleven acres of land delivered by the plaintiff to

the defendant, on the ground that it was procured by fraud. The answer was: 1st, a general denial; and 2d, the affirmative allegation that the sale was fair and for a good and sufficient consideration. The case was placed on calendar No. 2, and came on for trial at the November, 1904, term of Court before Judge R. O. Purdy. On the 6th of January, 1905, plaintiff moved for an order referring the case to the jury and framing certain issues for trial. Judge Purdy held, that not having given the notice required by rule 28 of the Court, the plaintiff could not claim a submission of issues to a jury as a right, but could merely suggest that method of trial to the Court. Thereupon the Court heard argument *pro* and *con* by counsel, and passed an order that the issue be submitted to the jury in this form: "Whether or not the deed referred to in the complaint was obtained from the plaintiff by the defendant fairly and without fraud," and further ordered the clerk of Court to transfer the case to calendar 1. The issue was not heard at that term of the Court, and no order of continuance was granted.

The case came up again before Special Judge J. P. Carey, at the April, 1905, term of Court. At that time counsel for plaintiff presented certain issues which they asked to submit to the jury, different from that which had been framed by Judge Purdy. Defendant's counsel objected to the new issues, insisting that the issue had already been framed by Judge Purdy, that they were unprepared to meet the new issues proposed, that the question of fraud was the only question, and asking that the case go to trial on the issue as framed by Judge Purdy, or be continued. Judge Carey held, that if this was an original application to him, he would single out different issues, but he could only order the issue to the jury as framed by Judge Purdy, and directed the case to be referred to the jury to determine the question of fraud. Thereupon the following question, written upon a separate piece of paper, was submitted to the jury: "Was the deed from Jane Goodwin to C. F. Wiles obtained fairly and without fraud?" The jury's verdict was "No."

Having overruled defendant's motion for a new trial, Judge Carey filed a decree dated September the 20th, 1905, in which he gave weight to the verdict of the jury, but also considered the matter as a chancellor and reached the conclusion that the deed was fraudulent and should be annulled. The defendant appeals.

The appellant excepts only to questions rising under the orders of Judges Purdy and Carey in sending the issue of fraud to the jury. No review of the rulings on the testimony or the decree of the Judge is asked.

The language used in the order of Judge Purdy shows clearly that he did not frame the issues because of any right of the plaintiff, but for the enlightenment of his conscience. This he had a right to do, although the plaintiff had not placed herself in a position to claim as a right the reference of an issue to the jury. *Hammond* v. *Foreman,* 43 S. C., 264, 21 S. E., 4; *The Land Mortgage Company* v. *Gillam,* 49 S. C., 345, 26 S. E., 990. The exception on this point cannot be sustained.

The record does not disclose that any objection was made by the defendant to the form of the issue ordered by Judge Purdy, on the ground that it meant a reference to the jury of a mixed question of law and fact, or on any other ground. Nor does it appear that the defendants asked for a special order continuing the issue until the next term of Court, or asked for a day to be set for the trial of the issue at the same term. Even if we assume error in the matters as alleged in the second, third and fourth exceptions, to make such error available to him, the defendant should have made known his position to the Circuit Judge and obtained his ruling. But waiving that, the defendant is absolutely precluded from making any objection to the trial of the issue as framed by Judge Purdy, by his vigorous insistance before Judge Carey on the trial of that issue, and no other.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.