7103

### LAWRENCE v. LAWRENCE.

ISSUES—EQUITY—APPEAL.—In an equity case, involving fraud and deceit, neither party is entitled as a matter of right to have these issues submitted to a jury, but such submittal is discretionary with the Circuit Judge and his order refusing a motion to submit is not appealable, and such appeal should be dismissed on motion.

Motion to dismiss appeal by respondents in J. W. Lawrence *et al.* against Charlotte Lawrence *et al.,* defendants, who appeal from order refusing to submit issues to jury.

*Messrs. W. A. Holman, R. A. Ellis* and *R. C. Holman,* for the motion.

*Messrs. T. M. Mordecai, J. P. K. Bryan, Henry Buist* and *James Simmons,* contra.

February 23, 1909.　The opinion of the Court was delivered by

MR. JUSTICE WOODS.　The respondent moves to dismiss this appeal on the ground that the exceptions contained in the return filed present no issue which this Court can review on appeal.

The action was brought by J. M. Lawrence, the administrator of the estate of Mary S. Lawrence, and the heirs of Mary S. Lawrence, to set aside as fraudulent an assignment and conveyance by Mary S. Lawrence of all her interest in the estate of her half brother, Joseph S. Lawrence, deceased, to his widow, the defendant, E. Charlotte Lawrence, for the consideration of five hundred dollars.. The acts of fraud alleged are the false representation to Mary S. Lawrence, who was old and infirm and of weak understanding, that the estate of Joseph S. Lawrence was of small value, whereas, in fact, it was worth three or four hundred thousand dollars; and the failure of the defendant, E. Charlotte

Lawrence, to file any inventory and appraisement of the estate of Joseph S. Lawrence, thus preventing Mary S. Lawrence from having information of the value of her interest in the estate of her brother.

The defendants in their answer deny that the conveyance and assignment was procured by fraud; and, on the contrary, aver that Joseph S. Lawrence was insolvent at the time of his death; and the defendants further plead the statute of limitations.

In this state of the pleadings the defendants, after due notice, moved under section 274 of the Code of Procedure to refer these issues to a jury: "1. Was the execution of the deed of Mary S. Lawrence to E. Charlotte Lawrence, dated the 3d of November, 1899, copy of which is annexed to the amended complaint herein, procured by the fraud of the defendant, E. Charlotte Lawrence, as alleged in the complaint? 2. Were the facts alleged and claimed in the complaint to constitute fraud known to Mary S. Lawrence or the plaintiffs six years before the commencement of this action, to wit: six years before the    day of    1908?"

The Circuit Judge refused the motion, saying in his order: "After hearing counsel for the respective parties, and after due consideration of said motion, I have reached the conclusion that there is no good reason for having a jury trial in this case. I am persuaded that the truth of the facts can certainly be as well ascertained by the chancellor who shall try the case as by a jury. The issues involved are clearly equitable in their nature, and I can see no good reason why they should not be tried in the manner and in accordance with the usual practice obtaining in the courts of equity in this State."

There are seven exceptions, but they all rest on the proposition that the Circuit Judge, in refusing to refer the issues, committed error of law, for the reason that such an issue of fraud and deceit as is here made is one peculiarly appropriate for trial by jury. The exceptions do not specifically

charge abuse of discretion in the refusal of the motion; but it was insisted at the hearing that in a case like this the assignment of error of law should be considered to embrace abuse of discretion, inasmuch as there could be no error of law in refusing the motion to refer the issues without an abuse of discretion. We do not agree to this view, for the exceptions are framed as if the appeal rested on the position that either party in a case on the equity side of the Court is entitled as a matter of right, beyond the discretion of the Circuit Judge, in every case where the issues of fraud and deceit arise, to have these issues referred to a jury.

But it does not avail the appellant if the appeal be considered as if abuse of discretion had been charged. The appeal would then rest on the proposition that it is always an abuse of discretion for a Circuit Judge to refuse to refer to a jury the issues of fraud and deceit arising in an equity cause, because he is in duty bound to hold such issues, are so peculiarly appropriate for trial by jury that they can never with propriety be tried by the Court. The statute on its face makes manifest the unsoundness of this proposition, for it expressly provides: "In all equity cases now pending or hereafter instituted in the Courts of Common Pleas of this State, the presiding Judge may, in his discretion, cause to be framed an issue or issues of fact, to be tried by a jury. * * * Upon the first day of the term, immediately after the call of Calendar Three, the presiding Judge shall call for cases in which such issues are desired, and if any are presented in which such issues are, in his judgment, proper, he shall at once call the same to be framed and placed upon the proper calendar for trial." Code of Procedure, section 274; *DeLoach* v. *Sarratt*, 55 S. C., 254, 33 S. E., 2; *Neal* v. *Suber*, 56 S. C., 298, 33 S. E., 463.

It may not be safe to say that it would not be possible for a case to arise showing abuse of discretion by the Circuit Judge in holding that the issues of fact in an equity cause

could with propriety be tried by the Court rather than by referring them to a jury, but it is difficult to conceive in advance of such a case. Here there is no allegation of an abuse of discretion and nothing whatever in the record to indicate it. The order of the Circuit Judge was, therefore, not appealable. When the record shows beyond doubt on its face an attempt to appeal from an order which is not appealable, it is the duty of this Court to speed the cause by dismissing the appeal on the motion of the respondent.

The judgment of this Court is that the motion be granted and the appeal dismissed.