12114

CANTEY, REC'R, v. EDWARD L. SUMMERSETT & CO., INC., ET AL.

(135 S. E., 875)

1. APPEAL AND ERROR—ACTION OF CIRCUIT JUDGE IN FRAMING ISSUES IN EQUITY ACTION IS NOT REVIEWABLE, UNLESS DISCRETION IS ABUSED (CODE CIV. PROC. 1922, § 533).—Framing of issues in equity action is within discretion of Circuit Judge, in view of Code Civil Proc. 1922, § 533, whose action thereon is not reviewable, in absence of abuse of discretion.

2. JURY—RECEIVER'S ACTION TO SET ASIDE CONVEYANCES BY JUDGMENT DEBTOR HELD NOT FOR RECOVERY OF SPECIFIC REAL AND PERSONAL PROPERTY.—Receiver's action against judgment debtor and others, to set aside certain conveyances for purpose of recovering assets and subjecting them to payment of judgment, *held* in equity, and triable by Court sitting as Chancellor, and not one for recovery of specific real and personal property.

Before TOWNSEND, J., Richland, June, 1926. Appeals dismissed.

Action by J. M. Cantey, Jr., receiver, against Edward L. Summersett & Co., Inc., and others. From orders refusing to transfer the case for trial by jury, defendants appeal. On motion by defendants to reinstate the appeal pre-

viously dismissed, and motion by plaintiff to dismiss defendants' motion and to dismiss the appeals.

*Messrs. Thomas & Lumpkin and George I. Rentz,* for appellants, cite: *How corporation improperly organized may be wound up:* Code Civ. Proc., 1922, Secs. 775-779. *Cases proper for jury trial:* Code Civ. Pro., 1922, Sec. 533.

*Messrs. D. W. Robinson and D. W. Robinson, Jr.,* for respondent cite: *Motion to frame issues addressed to discretion of Circuit Judge; not reviewable:* Code Civ. Pro., 1922, Sec. 533. Circuit Court Rule 28; 132 S. C., 361; 128 S. E., 172; 107 S. C., 248; 92 S. E., 465; 82 S. C., 151; 56 S. C., 303; 33 S. E., 463; 55 S. C., 276; 33 S. E., 2; 33 S. C., 396; 11 S. E., 1073.

December 2, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a motion by the defendants, appellants, under Section 650 of the Code, to reinstate the appeal which was dismissed by order of his Honor, Judge Townsend, dated June 29, 1926, upon the ground of failure to comply with Rule 1 of this Court. At the same time the respondent entered a motion to dismiss the motion of the appellants and to dismiss the several appeals attempted to be taken.

By an order of this Court, dated October 11, 1926, the foregoing matters were submitted, without oral argument, upon the moving papers and the printed arguments of counsel.

We do not deem it necessary to consider more than the motion of the respondent to dismiss the main appeal of the defendants upon the ground that it is without merit and that the matters involved therein are not appealable, assuming that leave is granted to the appellants to perfect their appeal under Section 650 of the Code.

It appears that in September, 1920, Frank Smathers and Richard J. Cotter recovered a judgment in the Court of Common Pleas for Richland County against E. T. Summersett *et al.*, for $11,361.32, which has been reduced by credits arising from the sale of certain real estate, leaving a balance due of $4,008.02 as of July 5, 1922; that in supplementary proceedings against E. T. Summersett, the plaintiff, Cantey was appointed receiver and as such was directed to take charge of the rights, assets, and property of E. T. Summersett and was authorized to bring and conduct such litigation as he might be advised was proper for the recovery of any rights, assets, and property belonging to E. T. Summersett and for the purpose of setting aside any conveyances, transfers of property, or transactions by said E. T. Summersett in fraud of his creditors; that the present action was instituted under that order for the purpose of setting aside certain conveyances and transfers of property and for the purpose of recoverings assets, rights, and proprty of said E. T. Summersett and of subjecting the same to the payment of the judgment referred to. This action was instituted on March 6, 1926. The defendants answered, denying the material allegations of the complaint, and on March 22, 1926, served the counsel for the plaintiff with notice of a motion to be made before the presiding Judge in May, 1926, for an order framing certain issues of fact therein stated, to a jury for its determination. The motion was heard by his Honor, Judge Townsend, who on May 12, 1926, filed an order holding:

"I am of opinion that this is a proper case to be tried by the Court sitting as chancellor, and, in the exercise of my judgment and discretion, it is ordered that the motion be and the same is hereby refused."

On the same day, May 12, 1926, the counsel for the defendants served upon the counsel for the plaintiff notice of a motion to be made before his Honor, Judge Townsend, on May 17, 1926, for an order transferring the case from

calendar 2 to calendar 1 for trial by a jury upon the ground that the action was for the recovery of specific real and personal property, involved the issue of title to real property, and that the defendants were entitled to a jury trial upon such issues. The matter was heard by his Honor, Juge Townsend, who on May 18, 1926, filed an order holding:

"The issues presented by the pleadings are equitable and that there are no issues presented on which defendants are entitled to a jury trial at law."

From these orders the defendant gave notice of appeal which involves only their correctness.

1    The right claimed by the defendants to have issues framed for the determination of the jury assumes that the action was one in equity. As such the framing of issues was within the discretion of the Circuit Judge, and his action is not reviewable in the absence of abuse of discretion of which there is no evidence. Code Civ. Proc., 1922, § 533; *Lawrence v. Lawrence,* 82 S. C., 150; 63 S. E., 690; *Du Pont v. Du Bos,* 33 S. C., 389; 11 S. E., 1073; *McMahan v. Dawkins,* 22 S. C., 314.

In *Lawrence v. Lawrence, supra,* it is held, quoting syllabus:

"In an equity case, involving fraud and deceit, neither party is entitled as a matter of right to have these issues submitted to a jury, but such submitted is discretionary with the Circuit Judge and his order refusing a motion to submit is not appealable, and such appeal should be dismissed on motion."

See, also, *Keese v. Parnell,* 132 S. C., 361; 128 S. E., 172.

2    The right claimed by the defendants to have the case transferred from calendar 2 to calendar 1 assumes the contradictory position that it is not a case in equity but at law, involving a claim for the recovery of specific real and personal property and the title to real

estate. We think that the Circuit Judge properly held that the case was one in equity, and " a proper case to be tried by the Court sitting as a chancellor." *Bank v. Alderman,* 106 S. C., 386; 91 S. E., 296; *Du Pont v. Du Bos,* 33 S C., 389; 11 S. E., 1073; *Price v. Brown,* 4 S. C., 144; *Greenville v. Ormand,* 44 S. C., 116; 21 S. E., 641; *Keenan v. Leslie,* 79 S. C., 473; 60 S. E., 1114; *Hickson v. Stallings,* 83 S. C., 49; 64 S. E., 1015; *McCreery v. Myers,* 70 S. C., 282; 49 S. C., 848.

We venture to say that the practice of refusing, even over the consent of both sides, to refer cases in equity, upon the ground that the Circuit Judge was better able to decide the case upon the examination of witnesses in his presence and in the interest of expediting causes, a practice evidently approved by the learned Circuit Judge in this case, is greatly to be commended.

The judgment of this Court is that the appeals of the defendants from the order referred to above be dismissed.

MESSRS. JUSTICES WATTS, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.