14472

JOHNSTONE *ET AL.* v. MATTHEWS *ET AL.*

(191 S. E., 223)

April, 1935.

*Messrs. Alan Johnstone* and *R. Aubrey Harley,* for appellants,

*Messrs. Price & Poag* and *B. V. Chapman,* for respondent,

April 26, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On April 13, 1928, as appears from the record for appeal, B. C. Matthews and T. K. Johnstone borrowed on their promissory note, indorsed by Mrs. Clara B. Matthews, $20,-000.00 from the estate of Clara M. McCrary. This note, the due date of which was December 13, 1928, was never paid, either by the makers or by the indorser. On June 20, 1931, Mrs. Matthews executed and delivered to her son, William E. Matthews, a mortgage for $8,500.00 on certain real estate owned by her in fee in Newberry County. On July 31, 1934, a suit, in which Mrs. Matthews was the sole defendant, was brought by the executors of the McCrary estate for the collection of the note which she had indorsed; and a verdict was obtained against her, upon which judgment was duly entered. On December 21, 1934, the present action was begun against William E. Matthews to set aside, as void and fraudulent, the mortgage above referred to. It was alleged that the "mortgage was given by the mortgagor and induced and accepted by the defendant, with knowledge of the said debt due these plaintiffs, and with intent to delay and defraud the plaintiffs and to defeat collection of the said note; and if the mortgage is allowed to stand as a lien, it will render the judgment of plaintiffs uncollectible."

The answer of the defendant expressly denied all charges of fraud contained in the complaint and alleged that the mortgage in question, and two other mortgages executed by Mrs. Matthews, were *bona fide* and for valuable consideration, and that they were given for the sole purpose of securing the mortgagor's honest debts. It was asked, among other things, that Clara B. Matthews be made a party to the action so that all matters between her, the plaintiffs and the defendant might "be adjudged in one proceeding." This was done by a proper order of the Court, and that defendant, upon coming in, adopted the answer of her codefendant, William E. Matthews, and joined in the prayer thereof.

Thereafter the plaintiffs served the defendants with a written notice that they would move the Court, at the time

therein named, for an order requiring certain issues of fact
—designated as Nos. 1 and 2—to be tried by a jury. The de-
fendants then gave notice to the plaintiffs that they would,
upon the call of such motion, move to refer the case to the
Master or a Special Master, and should this motion be de-
nied, they would then ask the Court to frame an additional
issue of fact—which appears as No. 3—to be submitted to
the jury.

By consent of counsel, the matter was heard at Green-
wood by his Honor, Judge Stoll, on April 8; 1935. The mo-
tion of the defendants to refer was refused, and the case
was ordered docketed on calendar one, "for the trial of the
following issues of fact by a jury, at the Court due to con-
vene at Newberry the fourth Monday in April, 1935," or,
as agreed by counsel, at some convenient subsequent term,
if it could not be heard then:

"1. At the time of the execution and delivery of the mort-
gage, did the mortgagor and mortgagee have knowledge of
the debt due to the estate of Clara M. McCrary, deceased,
on which these plaintiffs obtained a judgment, which was
entered against Clara B. Matthews, December 14, 1934?

"2. Was the mortgage described in the complaint given
by Clara B. Matthews, and induced and accepted by the de-
fendant, William E. Matthews, with intent to delay and de-
fraud the estate of Clara M. McCrary, deceased, or these
plaintiffs as her executors?

"3. Was the note and mortgage executed by Clara B.
Matthews to William E. Matthews for a valuable considera-
tion?"

It appears that the case was not reached in April, 1935,
but was tried the following November, the Honorable H.
F. Rice, presiding. The Court instructed the jury that their
answer to question No. 1 should be "Yes", and as to that
issue they found accordingly. Their answer as to issue 2
was "Yes"; and as to issue 3, "No." The defendants then
made a motion to set aside the verdict upon the grounds:

(1) That the findings of the jury were not supported by any evidence; (2) that their answer to the third question was directly in the face of all the evidence in the case; and (3) that their findings, under the facts and circumstances, were not binding upon the Court.

Judge Rice took the matter under advisement and later wrote an order asserting the validity of the mortgage and dismissing the complaint. He found as a matter of fact that the mortgage was *bona fide* and was given to secure debts justly due William E. Matthews by his mother, and further found as a matter of law that there was no fraud in the transaction complained of. From this order the plaintiffs appealed.

We will consider first Exception 3, which we think raises the main question presented by the appeal. This exception is as follows: "That the trial Judge erred in holding that a verdict of the jury in such cases and in the instant case is only to aid the Court in reaching a proper solution of the questions at issue and that the presiding Judge may accept the findings of the jury or reject them as his judgment may dictate, the error being that once the issues are framed and submitted in a proper case to a jury their findings are conclusive thereon unless there be no evidence in the record to support them."

In 1890, the Legislature passed an Act (20 St. at Large, p. 695), now appearing as Section 593 of the Code of 1932, which provided, among other things, that in all equity cases "instituted in the Courts of Common Pleas of this State, the presiding Judge may, in his discretion, cause to be framed an issue or issues of fact, to be tried by a jury"; and that "the findings of fact upon such issues by the jury shall be conclusive of the same: Provided, That the presiding Judge may grant new trials therein, according to the practice in other jury trials." To sustain their contention as made by Exception 3, the appellants rely solely upon this section of the Code, and particularly upon the provision last above

quoted as to the force of the verdict. They argue that it is clear from the language used that the only limitation imposed by the statute on the conclusiveness of the findings of the jury, unless the verdict is without any evidence to support it, is that the presiding Judge may grant a new trial; and that in the case at bar Judge Rice, in the circumstances detailed, was without authority to make findings himself contrary to those made by the jury.

Before the enactment of the statute referred to, the chancellor in equity cases had full authority, in his discretion, to submit issues to the jury for his aid and enlightenment, and he was not bound to accept their verdict in making up his decision as to the judgment to be rendered. *Gadsden v. Whaley,* 9 S. C., 147; *Sloan v. West-field,* 11 S. C., 445. And the same rule has prevailed since the passage of the Act. This Court has held that independently of what is now Section 593 of the Code, the presiding Judge has the right and power, in a chancery case, to refer issues to the jury for the enlightenment of his conscience (*Land Mortgage Inv. & Agency Company v. Gillam,* 49 S. C., 345, 26 S. E., 990, 29 S. E., 203; *Hammond v. Foreman,* 43 S. C., 264, 21 S. E., 3, 4) ; and that in such cases neither party is entitled to a jury trial as a matter of law, the question of framing issues being left entirely to the sound discretion of the Circuit Judge (*Neal v. Suber,* 56 S. C., 298, 33 S. E., 463; *Lawrence v. Lawrence,* 82 S. C., 150, 63 S. E., 690; *Erskine v. Erskine,* 107 S. C., 233, 92 S. E., 465; *Cantey v. Edward L. Summersett & Co.,* 138 S. C., 151, 135 S. E., 875). In *Hammond v. Foreman, supra,* the Court said: "The defendant assails the appellant's right of appeal. Clearly the appellant has no right of appeal at this time, unless the order in question involves the merits, or, if renounced, will lead to a denial by the Court of some substantial legal right of the appellant here. This would be the case if this Court should hold that the Act of 1890, *supra,* deprived a chancellor of the power of submitting issues to a

jury whenever, in his judgment, such a course was necessary to the enlightenment of the conscience of the Court. For this Court to adopt such a view of the effect of the Act in question would work a radical change in the machinery of the Court of Equity as it has existed from time immemorial. We cannot view this Act of 1890 as intended for such a purpose, or as working out such a result. If we did, we would not hesitate to declare it unconstitutional, as subversive of the provisions of the constitution relating to Courts of Common Pleas and this Court in equitable actions."

In the very recent case of *In re Nightingale's Estate* (S. C.), 189 S. E., 890, 894, this Court held, speaking through Mr. Justice Baker, that in the matter of framing issues Section 593 of the Code is not exclusive; and that "where issues are submitted to a jury for the enlightenment of the conscience of the Court, the trial Judge is not bound by the finding of the jury on such issues."

But we are of opinion, and so hold, that the provision of Section 593 of the Code as to the force of the verdict, here relied on by the appellants, can only mean, under the plain language used, that when issues of fact in equity cases are framed under that section, to be tried by a jury, and such issues are submitted to them and findings thereon are made by them under the statute, such findings, if there is any evidence to support them, are conclusive of the issues submitted; and the presiding Judge, in such case, can only affirm the verdict or set it aside and order a new trial. In his discretion, however, he may, during the course of the trial, and before such findings are made, withdraw the case from the jury and decide the issues for himself; or, instead of withdrawing them, he may have the jury, should he so desire, to make findings upon the issues as framed for his aid and enlightenment in determining the judgment to be rendered. And this last is what Judge Rice here did. The defendants made a motion, before and at the conclusion of the testimony, that the Judge withdraw the case

from the jury, on the ground of entire failure of proof by the plaintiffs, and write an order sustaining the validity of the mortgage and dismissing the complaint. He declined to do this, but stated, in substance and effect, that he would submit the case to the jury for the information of the Court, and that he would not be bound by their verdict. Also, in his charge to the jury, he indicated to them that their findings on the issues submitted would be merely to assist him in arriving at the truth, but that the decree of the Court would declare what the truth was. Clearly, as we have said, Judge Rice, instead of withdrawing the case from the jury, as in his discretion he could have done, had them to make findings upon the issues before them merely for the enlightenment of his conscience. This he could do. There was no error, therefore, in his refusal to accept their findings and in rendering judgment contrary thereto.

As to whether the mortgage in question was executed and delivered for a valuable consideration, it is sufficient to say that the testimony in the case, which we have read with care but deem it unnecessary to review, amply sustains the findings and conclusions of Judge Rice. As stated by him in his order, "the proof offered by the defendant, William E. Matthews, was of such a nature and in such form, as to be almost incontrovertible, showing that the debt was a just one, and for moneys he had either paid out for pressing obligations of his mother, or that she undoubtedly owed him." Applying to the evidence the principles of law applicable in a case of this kind, the Court was entirely justified in holding as a matter of law that there was no fraud in the transaction complained of. See *McElwee v. Kennedy,* 56 S. C., 154, 34 S. E., 86.

The order appealed from is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.