14904

MOMEIER v. JOHN McALISTER, INC., *ET AL.*

(3 S. E. (2d), 606)

530

*Mr. Augustine T. Smythe,* for appellant,

*Messrs. John I. Cosgrove* and *H. L. Erckmann,* for respondents,

June 26, 1939.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

The prayer of the complaint herein is that the Court do make its decree permanently enjoining and restraining the defendants from conducting upon the premises described in the complaint, situate in the City of Charleston, the business of a funeral home. After the filing of the answer and the joinder of issue the defendants gave notice of a motion for an order requiring that the whole issue or certain questions of fact specified in the notice be tried by a jury, pursuant to the terms of Section 593, Code 1932, the questions of fact specified in the notice being as follows:

"(1) Has plaintiff suffered any actionable damage by reason of the use and occupation of the premises in question by the defendants or any of them?

"(2) Do the acts of defendants and the use of the property by them as shown by the evidence constitute a nuisance to plaintiff?"

The plaintiff thereupon gave notice of a motion for an order referring the cause to the Master to take the testimony and report the same to the Court with his findings on all questions of law and fact with leave to report any special matter. The plaintiff's notice further stated that if the motion for an order of reference be refused he would (reserving, not waiving his right to insist upon an order of refer-

ence and to maintain that no issues should be submitted to the jury) ask that two additional questions of fact be submitted to the jury, to wit, the following:

"(3) Will the plaintiff suffer any actionable damage by reason of the use and occupation of the premises in question by the defendants or any of them as it is intended by the defendants or any of them to use and occupy the same?

"(4) Will the acts of the defendants or any of them and the use of the property by them or any of them as the defendants or any of them intend to act and as they or any of them intend to use the said property constitute a nuisance to the plaintiff?"

Plaintiff's notice further stated that subject to the same conditions and qualifications he would move that such issues, if any, as may be submitted to a jury, be submitted, not under Section 593, but under the old equity practice and merely for the enlightenment of the Court.

These motions came on to be heard at the fall, 1938, term of the Court of Common Pleas for Charleston County before Hon. J. Strom Thurmond, presiding Judge, who after hearing argument of counsel for the respective parties handed down his order dated November 23, 1938, wherein he refused plaintiff's motion to refer the issues to the Master, but held that all four of the above-quoted questions of fact should be submitted to a jury, stating that the same were "submitted to a jury to be tried by said jury in my discretion as Chancellor and not pursuant to the provisions of said statute." Judge Thurmond's order further stipulates that the trial of these issues be continued until the next term of the Court of Common Pleas for Charleston County, "it appearing that this is a proper case for such continuance."

No appeal was taken from this order by the defendants, but the plaintiff brings the cause to this Court upon four exceptions which are here quoted in full, for the reason that the arguments of counsel for the respective parties indicate

that some controversy exists as to just what questions are involved in this appeal. These are the exceptions:

"1. Because it is respectfully submitted that his Honor, the Trial Judge, erred in not making an order of reference referring this cause to the Master for Charleston County under a general order of reference, the error being that this is an equity case, and that a general order of reference is a mode of trial to which appellant is entitled.

"2. Because it is respectfully submitted that his Honor, the Trial Judge, erred in framing issues for a jury in this cause, the error being that the entire cause should have been referred to a Master under a general order of reference, there being no necessity for the framing of issues.

"3. Because it is respectfully submitted that his Honor, the Trial Judge, erred in submitting issues to a jury to be tried by said jury 'in my discretion as Chancellor', and at the same time and in the same order continued the cause and the trial of said issues to the next term of the Court of Common Pleas, at which the Trial Judge who made the said order will not preside, so that under the terms of the said order, it is impossible that the issues shall be submitted to a jury in his discretion.

"4. Because it is respectfully submitted that his Honor, the Trial Judge, erred in making no provision in his order for any method of trying so much of this cause as is not involved in the issues which he undertook to submit to a jury, the error being that he should have made a general order of reference as to so much of the cause as is not involved in the issues so submitted."

It is quite clear that the first exception is based upon the contention that Judge Thurmond should have granted a general order of reference because the appellant was entitled to that mode of trial as a matter of right. It is provided in Section 653, Code 1932, that where the parties do not consent, the Court may, upon application of either, or its own motion, direct a reference in certain cases,

among them being in "all equitable actions and of equitable issues in actions at law"; and that the order may be general of all issues of both law and fact, or may be so limited as the Court may direct, with the provision that this section shall not be construed to deprive any party of a trial by jury of any case or issue where he is entitled to the same as a matter of right "under the present practice." It seems to us that the language of this section is sufficient in itself to show that the granting of an order of reference is a matter within the discretion of the trial Court. It will be observed that the word used is may, and there are no mandatory provisions in the statute. Moreover, this statutory enactment conforms to the established practice in equity cases, that the mode of trial, whether by the Court, or by a Master or Referee, shall be left to the discretion of the trial Judge. Prior to the amendment to the law relating to compulsory orders of reference adopted in 1928, a general order covering all issues, both of law and of fact, could not be granted without the consent of the parties, and except for the change thus made by this amendment our practice conforms to the historic procedure in Courts of equity, and we think the following is a correct statement of the prevailing rule: "Where the subject is one proper for reference it is generally within the power of the Court in its discretion either to refer the cause, even without consent of the parties, or to determine the questions involved without a reference. In the absence of some special rule of practice, a reference is not a matter of right, but it is a matter for the exercise of judicial discretion which ordinarily is not subject to review on appeal or exception." 21 C. J., 605, 606. See, also,. *Sumter Hardwood Co. v. Fitchette*, 133 S. C., 149, 130 S. E., 881.

The second exception by a liberal construction may perhaps be deemed to charge the trial Judge with an abuse of his discretion in framing issues for a jury and overruling the motion for a general order of reference, although it is strenuously urged by counsel for respondents

under the authority of *Lawrence v. Lawrence,* 82 S. C., 150, 63 S. E., 690, that since there is no specific charge of abuse of discretion the appeal upon this point is without standing in this Court. But this is immaterial, for upon an examination of the entire record it is impossible for us to find anything even suggesting abuse of discretion or manifest error in the conclusion reached by the trial Judge.

■ The third exception imputes error to the trial Judge in submitting issues to the jury for the enlightenment of the Chancellor and at the same time continuing the case for a trial of these issues until the next term of Court, at which term he is not assigned to preside.

The motion made by the defendants expressly recites that it is made pursuant to the terms of Section 593, Code 1932, which provides that in all equity causes "the presiding Judge may, in his discretion, cause to be framed an issue or issues of fact, to be tried by a jury"; such issues to be tried at the same term of Court, "Provided, That a continuance may be ordered by the Court in proper cases." This section further stipulates that the findings of fact upon such issues by the jury shall be conclusive of the same, except that new trials may be granted according to the practice in other jury trials and the right to appeal to the Supreme Court from final judgment is preserved. As above stated, the framing of issues under this section is explicitly in the discretion of the presiding Judge, and in the case at bar Judge Thurmond declined so to submit issues, and from his ruling on this point there has been no appeal.

Judge Thurmond, however, did conclude that the cause was one in which it would be proper to submit all four of the issues stated in the notices of the respective parties, for the enlightenment of the Chancellor, according to the time-honored practice of Courts of equity. This was likewise a matter in his discretion, and the exception under consideration does not charge even by implication any abuse of discretion, but if it could be so construed, we find no such abuse.

However, the principal error charged in this exception is that the trial Judge continued the trial of such issues until the next term of Court, at which he will not preside. What, then, is the effect of his order in this regard?

It will be borne in mind that Judge Thurmond expressly declined to submit the issues under Section 593, and hence the terms of that section really have no application to the case at bar, although, of course, they may be referred to by way of analogy. And where issues are referred under that section they do not survive the term unless continued by special order. *Montague v. Best,* 65 S. C., 455, 43 S. E., 963, 964. The Court said in the case cited that whether a special order continuing the issues along with the cause "would bind the next Judge, need not be decided."

In the case of *Carmichael v. Carmichael,* 110 S. C., 357, 96 S. E., 526, 528, a motion to frame issues under this section was heard by Judge DeVore, who passed an order framing such issues, but by reason of an injury sustained by one of the parties the cause was continued, and was tried at a subsequent term by Judge Prince who refused to be bound by the statement of the issues as made by Judge DeVore, and made another order, although submitting substantially the same issues. The Court said:

"Was Judge Prince bound by the order of Judge DeVore? The appellant admits that this Court said, in *Montague v. Best,* 65 S. C., 455, 43 S. E., 963:

" 'It would seem that issues in chancery cases framed under this section were intended for the aid of the Judge who framed the issues, and that the order framing such issues for that particular term and Judge would not survive the term, unless by special order such issues were continued along with the cause.'

"Appellant claims that this was merely *'obiter dictum.'* It makes no difference whether it was dictum or decision. It is very clear that the statute provides that the judge who is

to hear the cause shall frame the issues upon which he desires the aid of the jury."

In the case of *Johnstone v. Matthews*, 183 S. C., 360, 191 S. E., 223, 225, Judge Stoll framed issues under Section 593 to be tried at a subsequent term, and when the case was reached for trial Judge Rice was presiding. The defendants made a motion during the course of the trial that the Judge should withdraw the case from the jury, which he declined to do, but stated in effect that he would submit the case to the jury for the information of the Court although he would not be bound by the verdict. This Court in the carefully prepared opinion of Chief Justice Stabler affirmed the order of Judge Rice, holding that in his discretion he could have withdrawn the case from the jury and that he also had the right to require them to make findings upon the issues before them merely for the enlightenment of his conscience. We quote the following from this opinion: "But we are of opinion, and so hold, that the provision of Section 593 of the Code as to the force of the verdict, here relied on by the appellants, can only mean, under the plain language used, that when issues of fact in equity cases are framed under that section, to be tried by a jury, and such issues are submitted to them and findings thereon are made by them under the statute, such findings, if there is any evidence to support them, are conclusive of the issues submitted; and the presiding Judge, in such case, can only affirm the verdict or set it aside and order a new trial. In his discretion, however, he may, during the course of the trial, and before such findings are made, withdraw the case from the jury and decide the issues for himself; or, instead of withdrawing them, he may have the jury, should he so desire, to make findings upon the issues as framed for his aid and enlightenment in determining the judgment to be rendered."

This case also deals with the matter of submitting issues to the jury for the aid and enlightenment of the Chancellor in equity cases, and we quote from

the opinion the following accurate statement of the law: "Before the enactment of the statute referred to, the chancellor in equity cases had full authority, in his discretion, to submit issues to the jury for his aid and enlightenment, and he was not bound to accept their verdict in making up his decision as to the judgment to be rendered. *Gadsden v. Whaley,* 9 S. C., 147; *Sloan v. Westfield,* 11 S. C., 445. And the same rule has prevailed since the passage of the Act. This Court has held that independently of what is now Section 593 of the Code, the presiding Judge has the right and power, in a chancery case, to refer issues to the jury for the enlightenment of his conscience (*Land Mortgage Inv. & Agency Company v. Gillam,* 49 S. C., 345, 26 S. E., 990, 29 S. E., 203; *Hammond v. Foreman,* 43 S. C., 264, 21 S. E., 3, 4); and that in such cases neither party is entitled to a jury trial as a matter of law, the question of framing issues being left entirely to the sound discretion of the Circuit Judge (*Neal v. Suber,* 56 S. C., 298, 33 S. E., 463; *Lawrence v. Lawrence,* 82 S. C., 150, 63 S. E., 690; *Erskine v. Erskine,* 107 S. C., 233, 92 S. E., 465; *Cantey v. Edward L. Summersett & Co.,* 138 S. C., 151, 135 S. E., 875). * * * "

This case therefore definitely settles the law as to the effect of an order framing issues under Section 593, where the trial of such issues is continued to a subsequent term, and it is manifest that this section is not subject to such a construction as, quoting from the earlier case of *Hammond v. Foreman,* 43 S. C., 264, 21 S. E., 3, 4, "would work a radical change in the machinery of the Court of equity as it has existed here from time immemorial." If the order of one Circuit Judge framing issues under this section may not be held to be binding upon the succeeding Judge who tries the case, it would seem obvious that where issues are merely submitted for the enlightenment of the Chancellor's conscience by one Judge, the succeeding Judge should not be held bound thereby. For otherwise the very purpose of submitting such issues might thus be defeated. The Judge pre-

siding at the trial might indeed be entirely satisfied to submit the issues in precise accordance with the order of the preceding Judge; but on the other hand he might well conclude that it would aid him in arriving at the truth for other or additional issues to be submitted for his enlightenment, or that the case could better be tried by him in his capacity as a Chancellor without the intervention of a jury at all. Indeed, the very genius of equity consists in the flexibility of its remedies and procedure.

In the case of *Goodwin v. Wiles,* 76 S. C., 507, 57 S. E., 547, Judge Purdy framed an issue for trial by jury merely for the enlightenment of the conscience of the Court, but the case was not tried by him or ordered continued. It was, however, tried before Hon. J. P. Carey, Special Judge, who held that he could only submit the issue as framed by Judge Purdy. On appeal the judgment of the Circuit Court was affirmed because, to use the language of the Court, "the defendant is absolutely precluded from making any objection to the trial of the issue as framed by Judge Purdy, by his vigorous insistence before Judge Carey on the trial of that issue, and no other." It is, therefore, quite evident that this case does not either hold or intimate that the trial Judge was bound by the order of Judge Purdy.

We do not think that Judge Thurmond's order submitting issues and continuing the trial was erroneous, or indeed that it is in this respect appealable; but for the reasons above stated it is our opinion that his order may not be construed as binding upon the Judge who shall try the case, in so far as it relates to the submission of issues for the enlightenment of his conscience as a Chancellor.

The fourth exception charges that the trial Judge erred in making no provision in his order for any method of trying so much of the cause as is not involved in the issues submitted, and that he should have made a general order of reference as to that part of the cause. But as we have already indicated, the granting of a general or-

der of reference, whether applied to the whole of the case or a part, was clearly discretionary, and such discretion was in nowise abused. And it does not occur to us that there was any necessity for Judge Thurmond to make any further provision for the trial of the cause at that time, since he had concluded that issues should be submitted to the jury for the enlightenment of the Court.

We believe that we have considered and discussed every question raised by the exceptions, but we have not referred to a matter concerning which there was considerable argument by counsel on each side of the cause. It is contended by counsel for the respondents that the case involves both legal and equitable issues, in that, the complaint being based upon an alleged private nuisance it must first be determined by the verdict of a jury at law that such nuisance exists, citing the leading case of *Kennerty v. Etiwan Phosphate Co.*, 17 S. C., 411, 43 Am. Rep., 607, and other cases following it. On the other hand, it is contended by counsel for the appellant that this is not properly designated as a nuisance case and that the authorities cited are not apposite. We have reviewed the record with care, and we do not find that this question was involved in the motions before Judge Thurmond or that he in anywise passed upon the same, however wide the range of argument before him may have been. Hence the question is not properly before us and cannot be decided upon this appeal. If the contention of the respondents is correct such an issue would be a legal one and would be submitted to a jury as a matter of right, upon a transfer of the case to Calendar I, and not under Section 593, which provides for the submission of issues in equity causes, in the discretion of the presiding Judge, this being the section under which the respondents moved. And *a fortiori* no such legal issue could be submitted to a jury merely for the enlightenment of the Chancellor. As was said in the case of *Independent Steam Fire Engine Co. v. Lodge*, 73 S. C., 533, 53 S. E., 993, 996, "Of course, if the

pleadings raised issues of law for trial by jury, the law required a trial of the same by jury." We, therefore, have not considered or determined whether any such issue or issues of law are involved in the instant cause.

Our conclusion is that Judge Thurmond's order may not be deemed erroneous, and that it is final and binding in so far as he refused a general order of reference and declined to submit issues under Section 593, Code 1932. But so much of his order as submits certain issues for the enlightenment of the Judge trying the case sitting as Chancellor cannot be construed as binding upon such Judge. The exceptions, therefore, are overruled, and the order of Judge Thurmond as construed by this opinion is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.